U.S. Bank Trust N.A. v Smith (2025 NY Slip Op 51030(U))

[*1]

U.S. Bank Trust N.A. v Smith

2025 NY Slip Op 51030(U)

Decided on June 24, 2025

Supreme Court, Westchester County

Jamieson, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 24, 2025
Supreme Court, Westchester County

U.S. Bank Trust National Association AS TRUSTEE FOR NRZ INVENTORY TRUST, Plaintiff,

against
Shawnta Smith, AS HEIR AND DISTRIBUTEE OF THE ESTATE OF ANNIE SMITH; WILLIE SMITH, AS HEIR AND DISTRIBUTEE OF THE ESTATE OF KATHY SMITH AND AS HEIR AND DISTRIBUTEE OF THE ESTATE OF ANNIE SMITH; KENNETH FLOWERS, AS HEIR AND DISTRIBUTEE OF THE ESTATE OF KATHY SMITH AND AS HEIR AND DISTRIBUTEE OF THE ESTATE OF ANNIE SMITH; UNKNOWN HEIRS AND DISTRIBUTEES OF THE ESTATE OF ANNIE SMITH; et al., Defendants.

Index No. 69743/2019

Knuckles & Manfro, LLP
Attorney for Plaintiff
120 White Plains Rd.
Tarrytown, New York 10591
Stephanie Davis

Linda S. Jamieson, J.

The following papers numbered 1 to 2 were read on this motion:
Paper Number
Order to Show Cause, Affidavit and Exhibits 1
Affirmation in Opposition 2
Pro se defendant Stephanie Davis brings her latest motion seeking to renew "a previous order to show cause to Vacate her alleged default in filing an Answer to the Complaint after dismissal of her motion to dismiss by the Appellate Division, 2d Dept. pursuant to CPLR§ 2221(e), based on a change in the Law. . . ." The Court notes that this is the identical language that movant used in her last motion to this Court, which was denied in May 2025 (the "May [*2]Decision").
In the May Decision, the Court held that although the Foreclosure Abuse Prevention Act ("FAPA") does appear to apply retroactively, it "is designed to address situations in which a plaintiff attempts 'to manipulate statutes of limitations to their advantage,' by repeatedly resetting the acceleration date." The Court held that here, "although the original default was in 2012, the acceleration was not until 2015, when plaintiff commenced a previous action. That action was dismissed, but plaintiff commenced this action in 2019 — within six years of acceleration." The Court rejected movant's assertion that the date of default was the acceleration date, finding that movant "is the party that bears the burden of establishing that acceleration occurred more than six years prior to commencement, which she has not done with her speculation." The Court concluded that "As there is no evidence to demonstrate that the acceleration was prior to 2015, this action is timely, and the retroactive application of FAPA does not change that." 
The Court also rejected movant's attempt to raise the 90-day notice requirement for the first time in reply, finding that it is improper to consider new issues on reply. Despite having found that this was improper, the Court nonetheless addressed it on the merits. The Court held that "Even if it were procedurally proper for the Court to consider an issue first raised in reply, the 1304 notice is not a proper defense for movant, who is not a borrower, to raise."
Now, on this motion, the Court begins with the legal standard for relief pursuant to CPLR § 2221(e). This section is for motions "based upon new facts not offered on the prior motion that would change the prior determination," and "shall contain reasonable justification for the failure to present such facts on the prior motion." It has long been settled that a "motion for leave to renew is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation." Mortg. Elec. Registration Sys., Inc. v. Congregation Shoneh Halochos, 189 AD3d 820, 137 N.Y.S.3d 440, 443 (2d Dept. 2020). 
On this motion, movant argues that the Court misunderstood her argument. She explains that on the prior motion, "this court overlooked my arguments about FAPA and the need for dismissal because Plaintiff did nor [sic] get the court's permission to commence the 2nd foreclosure in 2019 as required by FAPA, retroactively." Movant further asserts that CPLR 205-a "specifically excludes dismissals for neglect from benefiting the lender." While this is accurate, it does not apply here. CPLR § 205—a "provides mortgagees a six-month grace period to refile a dismissed action when the dismissed action is not, as relevant here, terminated "for any form of neglect," if the action would otherwise be time-barred. Bank of New York Mellon v. Richards, 233 AD3d 1250, 1251, 221 N.Y.S.3d 802, 803 (3d Dept. 2024). Stated differently, if the action had been time-barred in 2017, when it was dismissed for neglect, plaintiff could not have recommenced it in 2019; CPLR § 205-a would not have given plaintiff a six-month grace period. But the action was timely in 2017, when it was dismissed, and was still timely in 2019, when it was recommenced. Plaintiff did not thus need the grace period set forth in CPLR § 205-a. Accordingly, this argument does not help movant.
As there is no legal basis on which to grant her motion, it is denied in its entirety. Plaintiff is directed to send a copy of this Decision and Order to movant by email, fax, or overnight mail within three business days of receipt.
The foregoing constitutes the decision and order of the Court.
Dated: June 24, 2025
White Plains, New York
HON. LINDA S. JAMIESON
Justice of the Supreme Court